**Walter F. REYNOLDS, III,**
**Plaintiff–Appellant,**

v.

**William KREBS, individually and as Mayor of the Village of Springville, Timothy L. Horner, individually and as Village Administrator of the Village of Springville, Michael Kaleta, individually and as Code Enforcement Officer/Building Inspector of the Village of Springville and Village of Springville, New York, Defendants–Appellees.**

**No. 08–2023–cv.**

United States Court of Appeals, Second Circuit.

July 2, 2009.

David J. Seeger, Law Office of David J. Seeger, Buffalo, NY, for Appellant.

Michael F. Perley, Hurwitz & Fine, Buffalo, NY, for Appellee.

PRESENT: ROGER J. MINER, JOSÉ A. CABRANES, Circuit Judges, SIDNEY H. STEIN, District Judge.*

### SUMMARY ORDER

Plaintiff-appellant William F. Reynolds III challenges a March 27, 2008, 2008 WL 788603, judgment of the District Court granting the motion for summary judgment of defendants-appellees in plaintiff's suit under 42 U.S.C. § 1983 alleging that defendants violated his due process rights under the Fifth and Fourteenth Amendments of the United States Constitution in ordering the demolition of a building owned by plaintiff after the building was damaged in a fire. On appeal, plaintiff maintains that the District Court erred in (1) holding that there existed an emergency sufficient to justify defendants' decision to demolish the building and (2) considering statements by Robert J. Runge II, which, according to plaintiff, were "opinions based on scientific, technical, and specialized knowledge and thus should have been precluded under Fed[eral] R[ule of] Evid[ence] 701." Appellant's Br. 22. We assume the parties' familiarity with the facts and procedural history of the case.

The Supreme Court has held that "the necessity of quick action by the State or the impracticality of providing any meaningful predeprivation process, when coupled with the availability of some meaningful means by which to assess the propriety of the State's action at some time after the initial taking, can satisfy the procedural requirements of due process." *Parratt v.*

---

* The Honorable Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

*Taylor,* 451 U.S. 527, 539, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). "[A]lthough notice and a predeprivation hearing are generally required, in certain circumstances, the lack of such a predeprivation process will not offend the constitutional guarantee of due process, provided there is sufficient post-deprivation process." *Catanzaro v. Weiden,* 188 F.3d 56, 61 (2d Cir.1999). Where postdeprivation processes are adequate, due process is violated "only when an emergency procedure is invoked in an abusive and arbitrary manner." *Id.* at 62.

In this case, plaintiff has not challenged the adequacy of the applicable postdeprivation process. Rather, he asserts that defendants lacked a sufficient basis to conclude that there existed an urgent need to demolish his building. We disagree. We hold, substantially for the reasons stated by the District Court in its thorough decision and order of March 18, 2008, *see Reynolds v. Krebs,* No. 06–cv–123S, 2008 WL 788603 (W.D.N.Y. Mar.20, 2008), that summary judgment for defendants was appropriate.

Plaintiff's contention that the District Court improperly permitted Runge to offer expert testimony without proper qualification under Rule 702 of the Federal Rules of Evidence is without merit. The statements of Runge, an engineer with whom defendants consulted prior to ordering plaintiff's building demolished, were relevant to the issue whether defendant Krebs's decision was adequately informed. Runge did not offer an expert opinion.

## CONCLUSION

For the reasons stated above, the March 27, 2008 judgment of the District Court is AFFIRMED.

No costs.