# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**41**
**CA 10-01442**
PRESENT: SCUDDER, P.J., SMITH, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

WALTER F. REYNOLDS, III, PLAINTIFF-APPELLANT,

V                                                          MEMORANDUM AND ORDER

WILLIAM KREBS, INDIVIDUALLY AND AS MAYOR OF
VILLAGE OF SPRINGVILLE, TIMOTHY L. HORNER,
INDIVIDUALLY AND AS VILLAGE ADMINISTRATOR OF
VILLAGE OF SPRINGVILLE, MICHAEL KALETA,
INDIVIDUALLY AND AS CODE ENFORCEMENT
OFFICER/BUILDING INSPECTOR OF VILLAGE OF
SPRINGVILLE, AND VILLAGE OF SPRINGVILLE,
DEFENDANTS-RESPONDENTS.

---

DAVID J. SEEGER, BUFFALO, FOR PLAINTIFF-APPELLANT.

HURWITZ & FINE, P.C., BUFFALO (JENNIFER A. KELLEHER OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered March 17, 2010. The order granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying defendants' motion in part and reinstating the second cause of action and as modified the order is affirmed without costs.

Memorandum: After fire had damaged a building owned by plaintiff, defendant William Krebs, acting in his capacity as Mayor of defendant Village of Springville, ordered the building demolished. Plaintiff thereafter commenced an action in the United States District Court for the Western District of New York against defendants, contending, inter alia, that they denied him procedural due process in ordering and proceeding with the demolition without affording him notice and an opportunity to be heard. The District Court granted defendants' motion for summary judgment dismissing the complaint and determined, inter alia, that no reasonable trier of fact could conclude that defendants violated plaintiff's right to procedural due process (*Reynolds v Krebs*, US Dist Ct, WD NY, Mar. 20, 2008, Skretny, J.). The United States Court of Appeals for the Second Circuit affirmed the order of the District Court and held, "substantially for the reasons stated by the District Court in its thorough decision and order . . ., that summary judgment for defendants was appropriate" (*Reynolds v Krebs*, 336 Fed Appx 27, 29).

While the federal action was pending, plaintiff commenced this action alleging that defendants had violated his right to due process under the New York Constitution.  In addition, plaintiff alleged that defendants were negligent in ordering the demolition of the building and in permitting the general public to enter the building, resulting in the "purloining" of plaintiff's personal property.  Supreme Court granted defendants' motion for summary judgment pursuant to CPLR 3211 (a) (5) on the ground that plaintiff should be collaterally estopped from relitigating issues that were decided in the prior federal action.

We note at the outset that plaintiff has abandoned any issues with respect to that part of the motion for summary judgment dismissing the first cause of action, alleging that he was denied due process under the New York Constitution (*see Ciesinski v Town of Aurora*, 202 AD2d 984).  We conclude, however, that the court erred in granting that part of the motion with respect to the second cause of action, alleging that "[p]laintiff's . . . losses were sustained solely and wholly as a result of [d]efendants' acts of negligence." We therefore modify the order accordingly.

We agree with plaintiff that he is not collaterally estopped from alleging that defendants were negligent.  "Two requirements must be met before collateral estoppel can be invoked.  There must be an identity of issue [that] has necessarily been decided in the prior action and is decisive of the present action, and there must have been a full and fair opportunity to contest the decision now said to be controlling" (*Buechel v Bain*, 97 NY2d 295, 303-304, *cert denied* 535 US 1096; *see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349).

With respect to defendants' alleged negligence in demolishing the building, the District Court discussed the process that is due where, as here, the defendants alleged that the demolition of a building occurred as a result of an emergency situation.  It is well established that, "although notice and a predeprivation hearing are generally required, in certain circumstances, the lack of such predeprivation process will not offend the constitutional guarantee of due process, provided there is sufficient postdeprivation process" (*Catanzaro v Weiden*, 188 F3d 56, 61; *see generally Parratt v Taylor*, 451 US 527, 538-539, *overruled on other grounds by Daniels v Williams*, 474 US 327, 330-331).  An emergency situation is one such circumstance justifying denial of a predeprivation hearing (*see Hodel v Virginia Surface Min. & Reclamation Assn.*, 452 US 264, 299-300).  "Protection of the health and safety of the public is a paramount governmental interest [that] justifies summary administrative action" (*id.* at 300). In determining whether an emergency situation existed, courts are "to accord the decision to invoke the procedure some deference[] and not to engage in a hindsight analysis of whether the damage to the buildings actually created an immediate danger to the public.  Under *Hodel*, the due process guarantee is offended only when an emergency procedure is invoked in an abusive and arbitrary manner; therefore, there is no constitutional violation unless the decision to invoke the emergency procedure amounts to an abuse of the constitutionally afforded discretion" (*Catanzaro*, 188 F3d at 62; *see Hodel*, 452 US at

302-303).

In granting defendants' motion for summary judgment dismissing the complaint in the federal action, the District Court determined that Krebs had not acted arbitrarily or abused his discretion when he invoked the emergency demolition procedures.  The standard in a negligence case, however, is whether a defendant breached a duty of reasonable care (*see generally Pulka v Edelman*, 40 NY2d 781, 782, *rearg denied* 41 NY2d 901; *Palsgraf v Long Is. R.R. Co.*, 248 NY 339, 342, *rearg denied* 249 NY 511).  Thus, the issue to be decided with respect to defendants' alleged negligence in demolishing the building was not actually and necessarily decided in the federal action.

Plaintiff further alleges that defendants were negligent in permitting the general public to access his property, resulting in the "purloining" of his personal property.  That allegation was not raised or necessarily decided in the federal action, and thus plaintiff is not collaterally estopped from raising it in this action (*see generally Buechel*, 97 NY2d at 303-304).

To the extent that defendants contend as an alternative ground for affirmance that plaintiff should have raised his claims by way of a CPLR article 78 proceeding, that contention is not properly before us inasmuch as defendants moved for summary judgment dismissing the complaint solely on the ground that the action was barred by collateral estoppel (*see generally Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546).

Entered:  February 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court