# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

604

CA 12-02364

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

JOHN J. MIDDLETON AND JOAN M. MIDDLETON,
PLAINTIFFS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

TOWN OF SALINA, DEFENDANT,
AND COUNTY OF ONONDAGA, DEFENDANT-RESPONDENT.

---

UAW LEGAL SERVICES PLAN, WOODBRIDGE, NEW JERSEY (ERIC N. AGLOW OF
COUNSEL), AND UAW-CHRYSLER LEGAL SERVICES PLAN, SYRACUSE, FOR
PLAINTIFFS-APPELLANTS.

GORDON J. CUFFY, COUNTY ATTORNEY, SYRACUSE (KAREN A. BLESKOSKI OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County
(Donald A. Greenwood, J.), entered March 21, 2012.  The order, among
other things, granted the motion of defendant County of Onondaga for
summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  In this action to recover damages arising from a
backup of sewage in their house, plaintiffs appeal from an order that,
inter alia, granted the motion of the County of Onondaga (defendant)
for summary judgment dismissing the complaint against it.  Contrary to
plaintiffs' contention, Supreme Court properly granted the motion.

In the complaint, as amplified by the bill of particulars and
the notice of claim, plaintiffs allege, among other things, that
defendant is liable under a negligence theory.  In an action against a
municipality such as defendant, it is "the fundamental obligation of a
plaintiff pursuing a negligence cause of action to prove that the
putative defendant owed a duty of care.  Under the public duty rule,
although a municipality owes a general duty to the public at large to
[perform certain governmental functions], this does not create a duty
of care running to a specific individual sufficient to support a
negligence claim, unless the facts demonstrate that a special duty was
created.  This is an offshoot of the general proposition that '[t]o
sustain liability against a municipality, the duty breached must be
more than that owed the public generally' " (*Valdez v City of New
York*, 18 NY3d 69, 75).  "The second principle relevant here relates
not to an element of plaintiffs' negligence claim but to a defense

that [is] potentially available to [defendant]—the governmental function immunity defense . . . [T]he common-law doctrine of governmental immunity continues to shield public entities from liability for discretionary actions taken during the performance of governmental functions . . . [pursuant to which] '[a] public employee's discretionary acts—meaning conduct involving the exercise of reasoned judgment—may not result in the municipality's liability even when the conduct is negligent' " (*id.* at 75-76).

Thus, we begin our analysis by examining the "special duty issue in this case in recognition of the fact that, if plaintiffs cannot overcome the threshold burden of demonstrating that defendant owed the requisite duty of care, there will be no occasion to address whether defendant can avoid liability by relying on the governmental function immunity defense" (*id.* at 80). Contrary to plaintiffs' contention, they failed to establish that defendant owes them a special duty of care apart from any duty owed to the public in general.

In order for plaintiffs to establish that defendant owed a special duty to them, they were required to establish that defendant " 'voluntarily assume[d] a duty that generate[d] justifiable reliance by the person who benefit[ted] from the duty' " (*McLean v City of New York*, 12 NY3d 194, 199). That burden has four elements, i.e., " '(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking' " (*id.* at 201, quoting *Cuffy v City of New York*, 69 NY2d 255, 260). Here, defendant met its initial burden on the motion by submitting evidence establishing that plaintiffs' alleged reliance upon representations allegedly made by defendant's agents was not justifiable (*see Estate of Scheuer v City of New York*, 10 AD3d 272, 273-274, *lv denied* 6 NY3d 708; *see generally Dabriel, Inc. v First Paradise Theaters Corp.*, 99 AD3d 517, 521-522), and plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

In any event, even assuming, arguendo, that plaintiffs raised a triable issue of fact whether defendant owed a special duty to them, we conclude that the court properly determined that the "second principle" set forth in *Valdez*, i.e., the governmental function immunity defense (*id.* at 75), applied. Defendant established that it was engaged in a governmental function when it engaged in the allegedly negligent conduct, i.e., failing to install a check valve or similar anti-backflow device on plaintiffs' sewer line to prevent sewage from flowing backwards out of the sewer line and into plaintiffs' house. " 'Whether an action of a governmental employee or official is cloaked with any governmental immunity requires an analysis of the functions and duties of the actor's particular position and whether they inherently entail the exercise of some discretion and judgment. If these functions and duties are essentially clerical or routine, no immunity will attach' " (*id.* at

79).

    "Beyond the role the individual employee plays in the organization, the availability of governmental function immunity also turns on 'whether the conduct giving rise to the claim is related to an exercise of that discretion' . . . The defense precludes liability for a 'mere error of judgment' . . . but this immunity is not available unless the municipality establishes that the action taken actually resulted from discretionary decision-making—i.e., 'the exercise of reasoned judgment which could typically produce different acceptable results' " (*id.* at 79-80).  Thus, it has long been the rule that "[t]he duties of the municipal authorities in . . . determining when and where sewers shall be built, of what size and at what level, are of a *quasi* judicial nature, involving the exercise of deliberate judgment and large discretion" (*Johnston v District of Columbia*, 118 US 19, 20-21; *see generally McCarthy v City of Syracuse*, 46 NY 194, 196).  Plaintiffs' allegation that defendant was negligent in failing to correct the problem by installing an anti-backflow device concerns a discretionary action taken in the course of a governmental function because it "relate[s] only to the design of the system, for which [defendant] may not bear liability" (*Carbonaro v Town of N. Hempstead*, 97 AD3d 624, 625; *cf. Johnston v Town of Jerusalem*, 2 AD3d 1403, 1403-1404; *Biernacki v Village of Ravena*, 245 AD2d 656, 657).  Defendant therefore met its initial burden on the motion with respect to the "second principle" of the test set forth in *Valdez*, and plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman*, 49 NY2d at 562).

Entered:  July 5, 2013                         Frances E. Cafarell
                                               Clerk of the Court