# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**159**

**CA 13-01309**

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

CHRISTOPHER M. BOWER,
PLAINTIFF-RESPONDENT-APPELLANT,

V                                                    MEMORANDUM AND ORDER

CITY OF LOCKPORT, DENNIS ZABROWSKI AND GREGORY
CHAMBERS, DEFENDANTS-APPELLANTS-RESPONDENTS.

---

WEBSTER SZANYI LLP, BUFFALO (CHARLES E. GRANEY OF COUNSEL), FOR
DEFENDANTS-APPELLANTS-RESPONDENTS.

HOGAN WILLIG, PLLC, AMHERST (STEVEN M. COHEN OF COUNSEL), FOR
PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Niagara County (Catherine Nugent Panepinto, J.), entered October 15, 2012. The order denied defendants' motion for summary judgment and plaintiff's cross motion for partial summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting defendants' motion and dismissing the third amended complaint, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when he fell down a set of stairs in his uncle's home, where he had been staying, while police officers, the individual defendants herein, investigated a possible burglary there. Defendants moved for summary judgment dismissing the third amended complaint, and plaintiff cross-moved for partial summary judgment against all defendants "on the issue of negligence." Supreme Court denied both the motion and the cross motion. We agree with defendants that the court erred in denying their motion, and we therefore modify the order accordingly.

With respect to the negligence cause of action, it is well settled that, in an action against a municipality, it is "the fundamental obligation of a plaintiff pursuing a negligence cause of action to prove that the putative defendant owed a duty of care. Under the public duty rule, although a municipality owes a general duty to the public at large to [perform certain governmental functions], this does not create a duty of care running to a specific individual sufficient to support a negligence claim, unless the facts demonstrate that a special duty was created. This is an offshoot of

the general proposition that[,] '[t]o sustain liability against a municipality, the duty breached must be more than that owed the public generally' . . . The second principle relevant here relates not to an element of plaintiff['s] negligence claim but to a defense that [is] potentially available to [defendant]—the governmental function immunity defense . . . [T]he common-law doctrine of governmental immunity continues to shield public entities from liability for discretionary actions taken during the performance of governmental functions . . . [pursuant to which] '[a] public employee's discretionary acts—meaning conduct involving the exercise of reasoned judgment—may not result in the municipality's liability even when the conduct is negligent' " (*Valdez v City of New York*, 18 NY3d 69, 75-76; *see Middleton v Town of Salina*, 108 AD3d 1052, 1053).

With respect to the issue whether a special duty exists, it is well settled "that an agency of government is not liable for the negligent performance of a governmental function unless there existed a special duty to the injured person, in contrast to a general duty owed to the public . . . Such a duty, . . . [i.e.,] a duty to exercise reasonable care toward the plaintiff[,] is born of a special relationship between the plaintiff and the governmental entity" (*McLean v City of New York*, 12 NY3d 194, 199 [internal quotation marks omitted]).  "A special relationship can be formed in three ways:  (1) when the municipality violates a statutory duty enacted for the benefit of a particular class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the municipality assumes positive direction and control in the face of a known, blatant and dangerous safety violation" (*Pelaez v Seide*, 2 NY3d 186, 199-200; *see Applewhite v Accuhealth, Inc.*, 21 NY3d 420, 426; *McLean*, 12 NY3d at 199). According to plaintiff, a special relationship was formed in this case by the second method, i.e., the voluntary assumption of a duty of care by the municipal agency.  That method requires plaintiff to establish "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (*Valdez*, 18 NY3d at 80 [internal quotation marks omitted]; *see Cuffy v City of New York*, 69 NY2d 255, 260).  We conclude that defendants met their burden on the motion by establishing as a matter of law that there was no voluntary assumption of a duty of care, and plaintiff failed to raise a triable issue of fact whether the police officers who came to the house assumed, through promise or action, any duty to act on his behalf.  Even assuming, arguendo, that plaintiff raised a triable issue of fact with respect to that requirement, we conclude that he also failed to raise a triable issue of fact with respect to the fourth requirement, i.e., whether he justifiably relied on any such assumption of duty by the police officers (*see Brown v City of New York*, 73 AD3d 1113, 1114-1115; *see also Middleton*, 108 AD3d at 1054).  Consequently, we conclude that the court erred in denying the motion with respect to the negligence cause of action.

We further conclude, in any event, that the defense of governmental function immunity constitutes a separate and independent ground for dismissal of the negligence cause of action. That defense "shield[s] public entities from liability for discretionary actions taken during the performance of governmental functions" (*Valdez*, 18 NY3d at 76). Here, defendants established that they were providing police protection and engaging in the investigation of possible criminal behavior. It is well settled that "[p]olice and fire protection are examples of long-recognized, quintessential governmental functions" (*Applewhite*, 21 NY3d at 425). Furthermore, "defendants established that the conduct of the police officers throughout the course of their interaction with [plaintiff] was undertaken in the exercise of reasoned professional judgment of the officers, and was not inconsistent with accepted police practice. Accordingly, such conduct cannot serve as a basis for municipal liability" (*Bawa v City of New York*, 94 AD3d 926, 928, *lv denied* 19 NY3d 809; *see Lauer v City of New York*, 95 NY2d 95, 99).

We conclude with respect to the cause of action for gross negligence that defendants met their burden of establishing that the police officers' conduct did not " 'evince[] a reckless disregard for the rights of others or smack[] of intentional wrongdoing' " (*Tiede v Frontier Skydivers, Inc.*, 105 AD3d 1357, 1359, quoting *Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d 821, 823-824), and plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). Finally, we conclude that the court erred in denying the motion with respect to the causes of action for battery and the violation of 43 USC § 1983. "The elements of battery are bodily contact, made with intent, and offensive in nature" (*Cerilli v Kezis*, 16 AD3d 363, 364; *see Hassan v Marriott Corp.*, 243 AD2d 406, 407; *Zgraggen v Wilsey*, 200 AD2d 818, 819). Similarly, the cause of action for the violation of 43 USC § 1983 alleges that defendants used excessive force in detaining plaintiff. Both of those causes of action are predicated on plaintiff's allegation that one of the police officers pushed him down the stairs. All of the police officers on the scene testified at depositions, however, that plaintiff stumbled and fell down the stairs because of his highly intoxicated condition, and thus defendants met their burden on the motion of establishing that plaintiff was not pushed down the stairs (*see generally Alvarez*, 68 NY2d at 324). Plaintiff testified at his deposition that he did not recall most of the events of the evening, including what caused him to fall, and he submitted no evidence establishing that he was pushed. Consequently, the first and fourth causes of action must be dismissed because any determination by a finder of fact that plaintiff was pushed down the stairs "would be based upon sheer speculation" (*Darrisaw v Strong Mem. Hosp.*, 74 AD3d 1769, 1769, *affd* 16 NY3d 729 [internal quotation marks omitted]; *see McGill v United Parcel Serv., Inc.*, 53 AD3d 1077, 1077).

We have considered the parties' remaining contentions on the appeal and the cross appeal, and we conclude that they do not require

further modification of the order.