■ FARM FAMILY CASUALTY INSURANCE COMPANY, as Subrogee of Civisca Realty, LLC, Appellant, v VILLAGE OF WASHINGTON-VILLE et al., Respondents, et al., Defendant. [46 NYS3d 896]—In a subrogation action to recover damages for injury to property, the plaintiff appeals from an order of the Supreme Court, Orange County (Bartlett, J.), dated November 21, 2014, which granted the separate motions of the defendants Village of Washingtonville and Taylor Recycling Facility, LLC, which were for summary judgment dismissing the complaint insofar as asserted against each of them and denied its cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with one bill of costs.

On January 23, 2012, a three-story building in the Village of

Washingtonville, located at 13 East Main Street, was severely damaged by a four-alarm fire. During the course of fire operations, Village officials determined that a portion of the building, which shared a common wall with a building owned by the plaintiff's insured at 15 East Main Street, was in danger of collapsing. Accordingly, they retained a demolition contractor, Affordable Backhoe, to demolish a portion of 13 East Main Street. Affordable Backhoe began the work, but didn't have the equipment necessary to finish, so the defendant Taylor Recycling Facility, LLC (hereinafter Taylor), was hired to complete the demolition.

The plaintiff paid insurance benefits to its insured for damage to the building located at 15 East Main Street, and subsequently commenced this subrogation action against, among others, Taylor and the Village. Taylor and the Village separately moved for summary judgment dismissing the complaint insofar as asserted against each of them, and the plaintiff cross-moved for summary judgment on the issue of liability. The Supreme Court granted the motions and denied the cross motion. The plaintiff appeals.

Contrary to the plaintiff's contention, the Village established its prima facie entitlement to judgment as a matter of law by establishing its defense of governmental immunity, and the plaintiff failed to raise a triable issue of fact in opposition (see Valdez v City of New York, 18 NY3d 69 [2011]; Reynolds v Krebs, 143 AD3d 1256 [2016]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur.