Bauer v County of Erie (2020 NY Slip Op 05623)





Bauer v County of Erie


2020 NY Slip Op 05623


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


420 CA 19-00534

[*1]JUDITH L. BAUER, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF DAVID M. DENEKE, DECEASED, PLAINTIFF-APPELLANT,
v
COUNTY OF ERIE, STEVEN FORTUNATO, ET AL., DEFENDANTS, TOWN OF CHEEKTOWAGA AND CHEEKTOWAGA POLICE DEPARTMENT, DEFENDANTS-RESPONDENTS. 






HOGANWILLIG, PLLC, AMHERST (RYAN C. JOHNSEN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
COLUCCI & GALLAHER, PC, BUFFALO (MARYLOU K. ROSHIA OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Emilio L. Colaiacovo, J.), entered February 13, 2019. The order granted the motion of defendants Town of Cheektowaga and Cheektowaga Police Department for summary judgment dismissing the amended complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On a morning in November 2014, shortly after defendant Town of Cheektowaga (Town) issued a travel ban due to a severe winter storm, David M. Deneke (decedent) was driving to work when his car became stuck in snow on a road in the Town and was thereafter rear-ended by a vehicle driven by defendant Steven Fortunato. Fortunato tried to help decedent free his car from the snow by pushing it, but was not successful. Fortunato offered decedent a ride, but decedent said that he wanted to stay with his vehicle. Fortunato did not call for emergency assistance inasmuch as decedent told Fortunato that he had already done so. Thereafter, as the storm continued and the road conditions worsened, decedent stayed with his vehicle and made three calls to the Town's 911 dispatcher over a period of approximately seven hours. Decedent was found deceased in his vehicle three days later. Plaintiff, individually and as the administrator of the estate of decedent, commenced this wrongful death action against, inter alia, the Town and defendant Cheektowaga Police Department (collectively, defendants) alleging, as relevant here, that defendants acted negligently in failing to rescue decedent. Defendants moved for summary judgment dismissing the amended complaint against them, and Supreme Court granted the motion. Plaintiff appeals, and we affirm.
Preliminarily, we conclude that, during the events that led to decedent's unfortunate death, defendants were acting in a governmental capacity (see Turturro v City of New York, 28 NY3d 469, 479 [2016]; Applewhite v Accuhealth, Inc., 21 NY3d 420, 423-424 [2013]). "Under the public duty rule, although a municipality owes a general duty to the public at large to furnish police protection, this does not create a duty of care running to a specific individual sufficient to support a negligence claim, unless the facts demonstrate that a special duty was created" (Valdez v City of New York, 18 NY3d 69, 75 [2011]). Therefore, defendants cannot be held liable unless there existed a special relationship between them and decedent (see id.). "A special relationship can be formed in three ways: (1) when the municipality violates a statutory duty enacted for the benefit of a particular class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the municipality assumes positive direction and control in the face of a known, blatant and dangerous safety [*2]violation" (Pelaez v Seide, 2 NY3d 186, 199-200 [2004]; see Applewhite, 21 NY3d at 426). According to plaintiff, a special relationship was formed in this case by the second method, i.e., the voluntary assumption of a duty of care by defendants. That method requires plaintiff to establish "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (Valdez, 18 NY3d at 80 [internal quotation marks omitted]; see Cuffy v City of New York, 69 NY2d 255, 260 [1987]). Here, only the first and fourth elements are at issue. We conclude that defendants met their burden on the motion by establishing as a matter of law that there was no voluntary assumption of a duty of care, and plaintiff failed to raise a triable issue of fact whether defendants assumed, through promise or action, any duty to act on decedent's behalf (see Flynn v Town of Southampton, 177 AD3d 855, 858 [2d Dept 2019]; Bower v City of Lockport, 115 AD3d 1201, 1203 [4th Dept 2014], lv denied 24 NY3d 905 [2014]). Moreover, even assuming, arguendo, that plaintiff raised a triable issue of fact with respect to that element, we conclude that defendants also met their initial burden by establishing that any alleged reliance upon representations made by defendants or their agents was not justifiable, and plaintiff failed to raise a triable issue of fact in that regard (see Bower, 115 AD3d at 1203; see also Middleton v Town of Salina, 108 AD3d 1052, 1054 [4th Dept 2013]).
In light of our determination, we need not address whether defendants are entitled to summary judgment based on the governmental function immunity defense for acts involving the exercise of
discretionary authority (see Valdez, 18 NY3d at 84).
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court