■ DELOIS BISHOP et al., Respondents, et al., Plaintiff, v NAOMI BOSTICK, Also Known as NAOMI ANTHONY, et al., Defendants, and NORTH AMITYVILLE FIRE DEPARTMENT, Appellant.—In an action, *inter alia,* to recover damages for injury to property, the defendant North Amityville Fire Department (hereinafter the Fire Department) appeals from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), entered January 12, 1987, as denied its cross motion pursuant to CPLR 3211 (a) (7) to dismiss the third and fifth causes of action insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted and the respondents' third and fifth causes of action are dismissed insofar as asserted against the appellant.

The Fire Department, among others, responded to the respondents' call for assistance after a vehicle operated by the defendant Bostick crashed into the respondents' residence, rupturing a gas line. Neither the Fire Department nor other agencies at the scene took steps to shut off the leaking gas. A subsequent explosion and fire completely destroyed the respondents' residence and its contents.

The respondents allege in their third cause of action that the Fire Department was negligent in failing, *inter alia,* to promptly dispatch adequate fire extinguishing equipment, to send trained personnel capable of shutting off the gas after having received notice of a substantial leak and to take action to abate a public hazard. In their fifth cause of action, the respondents seek punitive damages from all defendants.

Asserting that, absent a special duty, it cannot be held liable to the respondents for negligent performance of its public service functions, and that a cause of action for punitive damages does not lie against it, the Fire Department cross-moved for dismissal of the third and fifth causes of action insofar as asserted against it. The Supreme Court denied the cross motion and, apparently because the defendant Fire Department allegedly arrived at the scene before the explosion and fire, held that the respondents' complaint set forth facts and circumstances upon which a finding that a special duty existed could be premised. The Supreme Court did not address the challenge to the cause of action for punitive damages.

In order to successfully invoke the "special duty" exception to the well established rule that a municipality or its subdivision is not liable for the negligent performance of its governmental function, a plaintiff must establish that, through affirmative acts, the municipality has lulled him or her into foregoing other available avenues of protection or that it has voluntarily assumed a duty separate from that which is owed to the public generally *(see, Cuffy v City of New York,* 69 NY2d 255, *mot to amend remittitur dismissed* 70 NY2d 667; *De Long v County of Erie,* 60 NY2d 296; *Florence v Goldberg,* 44 NY2d 189; *Vogel v Liberty Fuel Corp.,* 52 AD2d 667; *cf., Messineo v City of Amsterdam,* 17 NY2d 523; *Kroger v City of Mount Vernon,* 104 AD2d 855). Since the Fire Department's act of arriving at the scene of what was then only a potential disaster constituted nothing more than the performance of a duty owed to the public generally, that act alone is insufficient to create a special duty to the respondents. Moreover, the complaint is devoid of any allegations that the Fire Depart-

ment committed any affirmative act at the scene which could give rise to liability. We therefore cannot agree with the Supreme Court that the complaint alleges facts and circumstances from which the existence of a special duty could reasonably be inferred. The third cause of action should therefore have been dismissed.

The fifth cause of action cannot in any event be sustained. Apart from the fact that a valid cause of action for compensatory damages is a necessary predicate to a demand for punitive damages *(see, Hubbell v Trans World Life Ins. Co.,* 50 NY2d 899), and apart from the fact that it is improper to interpose a claim for punitive damages as a separate cause of action *(see, Beck v General Tire & Rubber Co.,* 98 AD2d 756, *lv dismissed* 63 NY2d 603), it is well settled that punitive damages may not be assessed against the State or its political subdivisions *(Sharapata v Town of Islip,* 56 NY2d 332). The Supreme Court therefore erred when it implicitly denied the Fire Department's motion to dismiss the fifth cause of action. Thompson, J. P., Weinstein, Eiber and Harwood, JJ., concur.