■ OMEGA INDUSTRIES, INC., et al., Respondents, v CHEMICAL BANK et al., Appellants, et al., Defendant.—In an action to recover damages for breach of contract, the defendants Chemical Bank and William Flister appeal from an order of the Supreme Court, Nassau County (Colby, J.), dated April 16, 1990, which denied their motion to dismiss the sixth and eighth causes of action of the complaint and granted the plaintiffs' cross motion for leave to amend the complaint.

■ OMEGA INDUSTRIES, INC., et al., Respondents, v CHEMICAL BANK et al., Appellants.—In an action, *inter alia,* to recover damages for breach of contract, the defendants Chemical Bank and William Flister appeal, and the defendant William Laraque separately appeals, from an order of the Supreme

Court, Nassau County (Colby, J.), dated January 15, 1991, which (1) denied their respective motions to dismiss the sixth, eighth, and ninth causes of action of the amended verified complaint, and (2) granted the plaintiffs' cross motion for the imposition of costs and sanctions to the extent of awarding the plaintiffs counsel fees in the amount of $2,500.

Ordered that the order is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, their respective motions to dismiss the sixth, eighth, and ninth causes of action of the amended verified complaint are granted, and the plaintiffs' cross motion for the imposition of costs and sanctions is denied.

The plaintiffs commenced this action to recover damages allegedly incurred as a result of the appellants' purported breach of a "Note Purchase Agreement" wherein the defendant Chemical Bank agreed to finance the sale of certain goods by the plaintiffs to a foreign entity. We find that the Supreme Court erred in denying the appellants' respective motions to dismiss the sixth, eighth, and ninth causes of action of the amended verified complaint.

The sixth cause of action alleges that Chemical Bank breached its contractual obligations by failing to honor a written request by the plaintiffs to convert certain funds from United States dollars to foreign currencies. However, the Note Purchase Agreement expressly contemplated that United States dollars would be used in all aspects of the parties' dealings, and the plaintiffs' letter requesting that dollars be exchanged for foreign currencies could not unilaterally modify that agreement so as to create a contractual duty on the part of Chemical Bank to do so. Moreover, to the extent that the plaintiffs contend that Chemical Bank was required to honor the request as a result of an alleged debtor-creditor relationship between the parties (see generally, Brigham v McCabe, 20 NY2d 525; Kings Premium Serv. Corp. v Manufacturers Hanover Trust Co., 115 AD2d 707), the contention is rendered unpersuasive by reason of the fact that the request was made with regard to "invoices" rather than funds on deposit with the bank. Accordingly, the claim is belied by the parties' written agreement and fails to state a cause of action.

The plaintiffs' eighth cause of action alleges that the defendants both tortiously interfered with their contractual rights and wrongfully transferred funds out of their account. However, as the defendants accurately contend, the claim for tortious interference with the plaintiffs' contractual rights is

barred by the running of the applicable three-year Statute of Limitations *(see,* CPLR 214 [4]; *Classic Appraisals Corp. v DeSantis,* 159 AD2d 537; *Manufacturers & Traders Trust Co. v Schiferle,* 134 AD2d 892; *Williams v Arpie,* 56 AD2d 689, *affd* 44 NY2d 689). Additionally, the wrongfully transferred funds subsequently were returned to the plaintiffs, who executed valid general releases waiving any potential claims with respect to the matter. Hence, the eighth cause of action must be dismissed as being time-barred and refuted by documentary evidence.

The ninth cause of action to recover punitive damages likewise must be dismissed. In addition to being improperly pleaded as a separate cause of action *(see, Bishop v Bostick,* 141 AD2d 487; *Beck v General Tire & Rubber Co.,* 98 AD2d 756), a claim for punitive damages may not be based on the private contract claims set forth in this case *(see, Garrity v Lyle Stuart, Inc.,* 40 NY2d 354; *Mom's Bagels v Sid Greenebaum Inc.,* 164 AD2d 820; *Stack Elec. v DiNardi Constr. Corp.,* 161 AD2d 416; *Bishop v Bostick, supra).*

Finally, in view of our determination that the appellants' motions to dismiss were meritorious, we find that the Supreme Court further erred in awarding counsel fees to the plaintiffs pursuant to 22 NYCRR part 130 *(see, Nowak v Walden,* 187 AD2d 418; *Miller v John A. Keeffe, P.C.,* 164 AD2d 933). Sullivan, J. P., Balletta, Eiber and Santucci, JJ., concur.