■ ROOD UTILITIES, INC., et al., Appellants, v CITY OF AUBURN, Respondent. (Appeal No. 1.) [649 NYS2d 291] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendant's motions for summary judgment dismissing the complaints. A municipality may not be held liable for failing to provide adequate fire protection unless it assumed a special duty to the individual plaintiff (*see, Kena-*

*van v City of New York*, 70 NY2d 558, 568-569; *O'Connor v City of New York*, 58 NY2d 184, 189-192, *rearg denied* 59 NY2d 762; *Motyka v City of Amsterdam*, 15 NY2d 134). To establish a "special relationship", a plaintiff must show that the municipality, through affirmative acts or promises, "has lulled him or her into foregoing other available avenues of protection or that it has voluntarily assumed a duty separate from that which is owed to the public generally" (*Bishop v Bostick*, 141 AD2d 487, 488; *see, Cuffy v City of New York*, 69 NY2d 255, 260-261, *mot to amend remittitur dismissed* 70 NY2d 667; *De Long v County of Erie*, 60 NY2d 296, 305). Here, defendant's preparation of a pre-emergency plan for commercial buildings in the City of Auburn and comments by firefighters during the course of fighting the fire at issue do not establish the existence of a special relationship (*see, Kenavan v City of New York, supra*, at 568-569; *Cuffy v City of New York, supra; Bishop v Bostick, supra; Kogel Lbr. & Supply v Suffolk County Water Auth.*, 131 AD2d 728, 729; *Kroger v City of Mt. Vernon*, 104 AD2d 855, 856). Moreover, defendant's alleged ministerial omissions in failing to provide adequate fire protection and sufficient water pressure and defendant's alleged errors in judgment made in fighting the fire are insufficient to render defendant liable for its performance of this governmental function (*see, Kenavan v City of New York, supra*, at 569-570; *Motyka v City of Amsterdam, supra; Messineo v City of Amsterdam*, 17 NY2d 523; *Henry v City of New York*, 15 NY2d 726; *Steitz v City of Beacon*, 295 NY 51; *Moch Co. v Rensselaer Water Co.*, 247 NY 160; *Kogel Lbr. & Supply v Suffolk County Water Auth., supra*, at 729; *Kroger v City of Mt. Vernon, supra*).

We have reviewed plaintiffs' remaining contention and conclude that it is without merit. (Appeal from Order of Supreme Court, Cayuga County, Fisher, J.—Summary Judgment.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Balio, JJ.