■ EDWARD ZELTMANN et al., Respondents, v TOWN OF ISLIP, Appellant. [696 NYS2d 231] —In an action, *inter alia*, to recover damages for injury to property, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated July 27, 1998, as denied that branch of its motion which was for summary judgment dismissing the first cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced the instant action, *inter alia*, to recover for flood damage to their homes following a heavy rainstorm which occurred on August 24, 1990. The plaintiffs contend, *inter alia*, that the flooding occurred because the defendant Town of Islip failed to properly maintain the drainage system which serviced their properties.

The defendant moved for summary judgment dismissing the complaint on the grounds, *inter alia*, that it had neither designed nor built the drainage system and that, in any event, the rainfall of August 24, 1990, was unprecedented. In opposition, the plaintiffs alleged that the defendant was on notice of problems with the drainage system, citing evidence of prior flooding after heavy rainstorms, and prior complaints to the defendant on those occasions concerning the failure of the drainage system to adequately handle the water. The court granted that branch of the motion which was for summary judgment dismissing the second cause of action, which was to recover damages for negligently designing or building the system, but denied that branch of the motion which was for summary judgment on the cause of action to recover damages for negligent maintenance of the system. We affirm.

To prevail on a motion for summary judgment, the moving party must establish its entitlement to judgment as a matter of law (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557). The failure to make such a prima facia showing requires the denial of the motion, regardless of the adequacy of the opposing papers (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *Elzer v Nassau County,* 111 AD2d 212).

Contrary to the defendant's contention, it failed to demonstrate its entitlement to judgment as a matter of law dismissing the cause of action which was to recover damages for the alleged negligent maintenance or repair of the drainage system. Where, as here, the municipality did not design or build the drainage system, it has a duty to reasonably repair and maintain such a system which is under its control (*see, Barton v City of Syracuse,* 36 NY 54; *Weidman v City of New York,* 84 App Div 321, *affd* 176 NY 586; *Merritt v City of Long Beach,* 139 AD2d 574; *Vanguard Tours v Town of Yorktown,* 83 AD2d 866; *Scamp v State of New York,* 189 Misc 802). The defendant failed to establish as a matter of law that it properly maintained and repaired the drainage system, which had been under its control prior to the August 24, 1990, storm. As the record contains no evidence of routine maintenance or repair, it cannot be determined at this juncture if the damage to the plaintiffs' property was a consequence of negligent maintenance or repair of the drainage system, as the plaintiffs claim, or an act of God, as the defendant contends. Joy, J. P., Friedmann, Schmidt and Smith, JJ., concur.