OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously reversed upon the law, fine, if paid, remitted, and simplified information dismissed.
The simplified traffic information charged defendant with “displaying” a red, revolving light in an unauthorized vehicle in violation of the above statutory provision. Nevertheless, it can only be inferred from the stipulation of facts that the red light was “affixed” to the dashboard of defendant’s vehicle, as opposed to being “displayed” or operated (see, Vehicle and Traffic Law § 375 [41] [2]; § 1104 [c]). Furthermore, defendant was not involved in an emergency situation at the subject time. Thus, the basic issue presented upon the appeal is whether defendant was authorized to have a red light affixed to his dashboard.
Vehicle and Traffic Law § 375 (41) (2) permits the affixation of a red light to an “authorized emergency vehicle.” The definition of an “authorized emergency vehicle” includes, inter alia, an “emergency ambulance service vehicle” (Vehicle and Traffic Law § 101). The defense produced a photocopy of a placard showing that the vehicle with defendant’s license plate number was an “emergency ambulance service vehicle” as authorized by the New York State Vehicle and Traffic Law and that Chevra Hatzalah, for which he volunteered, was a “volunteer ambulance service” with the New York State Department of Health Ambulance Registration Number of “7191.” No issue was raised with respect to whether this placard was fraudulent or inapplicable to the date of the alleged offense.
Vehicle and Traffic Law § 115-c defines “emergency ambulance service vehicle” as “an appropriately equipped motor vehicle owned or operated by an ambulance service as defined in section [3001] of the public health law and used for the purpose of transporting emergency medical personnel and equipment to sick or injured persons.” The People conceded that defendant’s vehicle might have had some equipment but urged that it was *105 not equipped like an ambulance. Defendant, however, was only claiming that his vehicle was an “emergency ambulance service vehicle,” and Vehicle and Traffic Law § 115-c only requires that such vehicle be “appropriately equipped.”
The People did question whether the vehicle was “owned or operated by an ambulance service,” as required for an “emergency ambulance service vehicle” under Vehicle and Traffic Law § 115-c. Nonetheless, a perusal of Public Health Law § 3001 (2) contains a broad definition of the term “ambulance service,” which is “an individual, partnership, association, corporation, municipality or any legal or public entity or subdivision thereof engaged in providing emergency medical care and the transportation of sick or injured persons by motor vehicle * * * to, from, or between general hospitals or other health care facilities” (emphasis added). This definition should be deemed broad enough to include defendant, an individual, particularly because he was an “emergency medical technician,” which term is defined as “an individual who meets the minimum requirements established by regulations pursuant to section [3002] of this article and who is responsible for administration or supervision of initial emergency medical care and transportation of sick or injured persons” (Public Health Law § 3001 [6]; emphasis added). The term “emergency medical service” is not restricted to medical service performed in an ambulance, but means “initial emergency medical assistance including, but not limited to, the treatment of trauma, burns, respiratory, circulatory and obstetrical emergencies” (Public Health Law § 3001 [1]; emphasis added). Thus, the People’s arguments that defendant’s vehicle was not an “emergency ambulance service vehicle” under Vehicle and Traffic Law § 115-c because it was privately owned by him and lacking in all of the equipment of an ambulance should be deemed without merit.
No issue of fact was raised with respect to whether defendant’s vehicle was “used for the purpose of transporting emergency medical personnel and equipment to sick or injured persons” as required for an “emergency ambulance service vehicle” under Vehicle and Traffic Law § 115-c. It would be immaterial that defendant’s vehicle was not being used for this purpose at the time of the subject incident if, as it appears, it was being used for that purpose at other times.
Upon the stipulated facts, therefore, we find that defendant’s motor vehicle was both an “authorized emergency vehicle” (Vehicle and Traffic Law § 375 [41] [2]) and an “emergency *106 ambulance service vehicle” (Vehicle and Traffic Law § 115-c) and that, accordingly, he was not guilty of the offense charged.
Floyd, P. J., Doyle and Winick, JJ., concur.