■ LEONARD EHMKE et al., Respondents, v CITY OF LOCK-PORT, Appellant. [734 NYS2d 782] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendant's motion seeking summary judgment dismissing the complaint. A municipality does not owe a duty of care to any individual unless there is a special relationship between the municipality and the individual (*see generally, Cuffy v City of New York*, 69 NY2d 255, 260). Defendant met its initial burden by establishing as a matter of law that it had no special relationship with plaintiffs, and plaintiffs, who did not appear in opposition to the motion, failed to raise an issue of fact (*see generally, Zuckerman v City of New York*, 49 NY2d 557, 562). Contrary to plaintiffs' contention, no special relationship was

created between plaintiffs and defendant when defendant responded to a call from plaintiff Marilyn Ehmke reporting that water from a sewer line was entering her basement. "To establish a 'special relationship', [plaintiffs] must show that the municipality, through affirmative acts or promises, 'has lulled [them] into foregoing other available avenues of protection or that it has voluntarily assumed a duty separate from that which is owed to the public generally' " (*Rood Utils. v City of Auburn,* 233 AD2d 873, 874). Defendant had an established procedure for responding to emergency calls from residents and thus its response, whether timely or not, is not " 'a duty separate from that which is owed to the public generally' " (*Rood Utils. v City of Auburn, supra,* at 874). (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Burns, JJ.