■ Pet Products, Inc., Respondent, v City of Yonkers, Appellant. [736 NYS2d 699] —In an action to recover damages for injury to property, the defendant appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered May 22, 2001, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The basement of the plaintiff's building was flooded with water and sewage when the sewer in front of its property overflowed after a heavy rain, damaging the boiler and stored merchandise. It subsequently commenced this action to recover for its damaged property, alleging that the defendant was negligent in failing to inspect and maintain the sewer line, thereby allowing the sewer to become blocked with accumulations of waste material and debris. After discovery was completed, the defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion and we affirm.

The Supreme Court correctly concluded that there is a triable issue of fact as to whether the defendant failed to properly inspect and maintain the sewer system in the area. A municipality has a duty to keep its sewers in good repair and free from obstructions. This "involves the exercise of a reasonable degree of watchfulness in ascertaining their condition * * * and preventing them from becoming * * * obstructed" (*McCarthy v City of Syracuse,* 46 NY 194, 198). There is evidence that the sewer was obstructed by a large amount of debris and material, including garbage, boxes, and plastic bags. The plaintiff's expert concluded, inter alia, that cross bars should have been installed on catch basins to prevent large objects from entering the sewer. He also concluded that the material and debris which caused the obstruction had accumulated over a substantial period of time and would have or should have been discovered by proper routine maintenance (*see, McCarthy v City of Syracuse, supra; cf., Smith v Mayor of City of N.Y.,* 66 NY 295; *Beyer v City of New York,* 141 App Div 679). Although there is some evidence that the defendant satisfied its duty to inspect the sewer to ensure that no obstructions occurred, the evidence submitted by the plaintiff raised a triable issue of fact as to whether the defendant breached its duty to properly inspect and maintain its sewers. Altman, J.P., Feuerstein, O'Brien and H. Miller, JJ., concur.