◼ DEBRA L. JOHNSTON, Appellant, v TOWN OF JERUSALEM, Respondent. [768 NYS2d 916]—

Appeal from an order of Supreme Court, Yates County (Falvey, J.), entered December 26, 2002, which granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion and reinstating the complaint and as modified the order is affirmed without costs.

Memorandum: We agree with plaintiff that Supreme Court erred in granting the motion of defendant, Town of Jerusalem (Town), seeking summary judgment dismissing the complaint. The complaint alleges that, in the course of repairing the curb box for plaintiff's home, employees of the Town negligently opened a valve in a sewer line, causing raw sewage to flow into plaintiff's home. Contrary to the court's determination, the operation, maintenance and repair of the sewer system is a proprietary function, and thus the Town's liability is not contingent upon the existence of a special relationship (*see Pet Prods. v City of Yonkers,* 290 AD2d 546, 547 [2002]; 5C Warren, Negligence in New York Courts § 69.02 [3] [4th ed]; *see also Storch v Town of Cornwall,* 294 AD2d 426, 427 [2002]; *Zeltmann v Town*

*of Islip*, 265 AD2d 407 [1999]; *Vanguard Tours v Town of Yorktown*, 83 AD2d 866 [1981]; *see generally Johnson City Cent. School Dist. v Fidelity & Deposit Co. of Md.*, 272 AD2d 818, 821 [2000]; *cf. Biernacki v Village of Ravena*, 245 AD2d 656, 657 [1997]). *Ehmke v City of Lockport* (289 AD2d 1004 [2001]), relied upon by the Town, is distinguishable, inasmuch as there, the cause of action arose from the municipality's delay in responding to an emergency call. We therefore modify the order by denying the Town's motion and reinstating the complaint. Present—Pine, J.P., Wisner, Scudder, Gorski and Lawton, JJ.