# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

371

CA 13-01245

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

WILLIAM J. GILBERTI, JR., PLAINTIFF-RESPONDENT,

V                                        MEMORANDUM AND ORDER

TOWN OF SPAFFORD, DEFENDANT-APPELLANT.
-----------------------------------------------------
TOWN OF SPAFFORD, THIRD-PARTY PLAINTIFF-APPELLANT,

V

CLIFFORD R. WHITE, DOING BUSINESS AS GROUND
EFFECTS, ET AL., THIRD-PARTY DEFENDANTS,
SPECTRA ENVIRONMENTAL GROUP, INC.,
THIRD-PARTY DEFENDANT-RESPONDENT.

---

LYNCH LAW OFFICE, SYRACUSE, CONGDON FLAHERTY O'CALLAGHAN REID DONLON
TRAVIS & FISHLINGER, UNIONDALE (GREGORY A. CASCINO OF COUNSEL), FOR
DEFENDANT-APPELLANT AND THIRD-PARTY PLAINTIFF-APPELLANT.

GILBERTI STINZIANO HEINTZ & SMITH, P.C., SYRACUSE (GARY T. KELDER OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (DANIEL R. RYAN OF
COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County
(Donald A. Greenwood, J.), dated December 21, 2012.  The order, among
other things, denied in part the motion of defendant-third-party
plaintiff for summary judgment dismissing the complaint and granted
the motion of third-party defendant Spectra Environmental Group, Inc.,
for summary judgment dismissing the third-party complaint against it.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying the motion of third-party
defendant Spectra Environmental Group, Inc. and reinstating the third-
party complaint against it and as modified the order is affirmed
without costs.

Memorandum:  Plaintiff commenced this action alleging, inter
alia, that defendant-third-party plaintiff (hereafter, Town) was
negligent in the design, installation, construction and maintenance of
the storm water system in the vicinity of plaintiff's house.  The Town
subsequently commenced a third-party action against, inter alia,
third-party defendant Spectra Environmental Group, Inc. (Spectra),

alleging that Spectra and the other third-party defendants were retained by plaintiff to perform work at plaintiff's house, including work with respect to the design, construction or maintenance of plaintiff's private drainage system.  The Town subsequently moved for, inter alia, summary judgment dismissing the complaint, and Spectra moved for summary judgment dismissing the third-party complaint against it.  Supreme Court granted the Town's motion in part and, as relevant on appeal, denied the Town's motion with respect to the trespass and nuisance causes of action, as well as the negligence causes of action to the extent that they asserted that the Town negligently maintained its storm water system.  The court also granted Spectra's motion.

Addressing first the third-party action, we agree with the Town that the court erred in granting Spectra's motion, and we therefore modify the order accordingly.  In support of its motion, Spectra contended that it had no role in designing the water drainage system for plaintiff's house and thus bears no responsibility for the flood. The record, however, establishes that Spectra participated in the road design process, that Spectra's plans were at least partially incorporated into the road's final design, and that the flood occurred shortly after the completion of the subject project.  Consequently, the court erred in granting Spectra's motion for summary judgment dismissing the third-party complaint against it (*see generally Syracuse Univ. v Games 2002, LLC*, 71 AD3d 1531, 1531; *Matter of Kreinheder v Withiam-Leitch*, 66 AD3d 1485, 1485).

Contrary to the Town's contention in the main action, the court properly refused to dismiss plaintiff's negligent maintenance causes of action in their entirety on the ground that the Town's alleged negligence arises from a governmental function.  The law relevant to municipal immunity from negligence causes of action is set forth in, inter alia, *Applewhite v Accuhealth, Inc.* (21 NY3d 420), *Valdez v City of New York* (18 NY3d 69) and *McLean v City of New York* (12 NY3d 194). If the municipality acted in a proprietary role, i.e., "when its activities essentially substitute for or supplement traditionally private enterprises" (*Applewhite*, 21 NY3d at 425 [internal quotation marks omitted]), ordinary rules of negligence apply.  If, however, the municipality acted in a governmental capacity, i.e., "when its acts are undertaken for the protection and safety of the public pursuant to general police powers" (*id.* at 425 [internal quotation marks omitted]), the court must undertake a separate inquiry to determine whether the municipality owes a special duty to the injured party (*see McClean*, 12 NY3d at 199).  In the event that the plaintiff fails to prove such a duty, the municipality is insulated from liability.  Even in the event that the plaintiff proves such a duty, however, the municipality will not be liable if it proves that the alleged negligent act or omission involved the exercise of discretionary authority (*see Valdez*, 18 NY3d at 75-76).

With respect to municipal sewer malfunctions, it is well settled that a municipality's design of a sewer system constitutes a governmental function (*see Urquhart v City of Ogdensburg*, 91 NY 67, 71; *Azizi v Village of Croton-on-Hudson*, 79 AD3d 953, 954; *Biernacki v*

*Village of Ravena*, 245 AD2d 656, 657; *Vanguard Tours v Town of Yorktown*, 83 AD2d 866, 866), while a municipality's "operation, maintenance and repair of th[at] sewer system is a proprietary function, and thus the Town's liability in that respect is not contingent upon the existence of a special relationship" (*Johnston v Town of Jerusalem*, 2 AD3d 1403, 1403; *see Pet Prods. v City of Yonkers*, 290 AD2d 546, 547; *Zeltmann v Town of Islip*, 265 AD2d 407, 408; *see generally Clinger v New York City Tr. Auth.*, 85 NY2d 957, 959; *Searles v Town of Horicon*, 116 AD2d 93, 95).  The issue before us is whether the Town's alleged negligence stems from a proprietary function, i.e., the maintenance of its storm water drainage systems, or a governmental function, i.e., the design of that system, and "[t]he relevant inquiry in determining whether a governmental agency is acting within a governmental or proprietary capacity is to examine the specific act or omission out of which the injury is claimed to have arisen and the capacity in which that act or failure to act occurred" (*Matter of World Trade Ctr. Bombing Litig.*, 17 NY3d 428, 447, *rearg denied* 18 NY3d 898, *cert denied sub nom. Ruiz v Port Auth. of N.Y. and N.J.*, ___ US ___, 133 S Ct 133 [internal quotation marks omitted]).

In support of his negligence causes of action, plaintiff asserts five allegedly negligent acts or omissions:  (1) the Town's allegedly excessive deepening of the drainage ditches during cleanings in the summer and fall of 2007; (2) the Town's failure to install check dams to mitigate the excessively deep ditches; (3) the Town's alleged failure to cover one of the pipes in its storm water system (Pipe A) with sufficient amounts of "fill" during its construction and installation; (4) the Town's alleged failure to remove clogged debris from two other pipes in its storm water system (Pipes B and C) prior to the storm at issue; and (5) the Town's alleged failure to repair the crushed ends of Pipes B and C prior to that storm.  We conclude that plaintiff alleges design negligence in items (2) and (3) (*see e.g. Carbonaro v Town of N. Hempstead*, 97 AD3d 624, 625), and that, because plaintiff does not even assert the existence of a special duty, the Town cannot be liable for any failure to install check dams or to provide a sufficient cover for Pipe A (*see Middleton v Town of Salina*, 108 AD3d 1052, 1053-1054; *Carbonaro*, 97 AD3d at 625).  We conclude that plaintiff alleges negligent maintenance in items (1), (4) and (5) (*see e.g. McCarthy v City of Syracuse*, 46 NY 194, 196-197; *Tappan Wire & Cable, Inc. v County of Rockland*, 7 AD3d 781, 782-783, *lv dismissed* 3 NY3d 738; *Pet Prods.*, 290 AD2d at 547), and that such allegations are actionable inasmuch as they relate to the performance of a proprietary function (*see generally Applewhite*, 21 NY3d at 425-426).

The Town's further contention that it is entitled to summary judgment dismissing the negligent maintenance claims because the Town was not in fact negligent is not properly before us inasmuch as the Town did not seek summary judgment on that ground before the motion court.  "A motion for summary judgment 'on one claim or defense does not provide a basis for searching the record and granting summary judgment on an unrelated claim or defense' " (*Baseball Off. of Commr.*

*v Marsh & McLennan*, 295 AD2d 73, 82, quoting *Sadkin v Raskin & Rappoport*, 271 AD2d 272, 273; *see Dischiavi v Calli*, 68 AD3d 1691, 1693). "Thus, the court's consideration of those [claims] was improper" (*Sunrise Nursing Home, Inc. v Ferris*, 111 AD3d 1441, 1441; *see Baseball Off. of Commr.*, 295 AD2d at 82), and we may not consider those claims here (*see Conti v Town of Constantia*, 96 AD3d 1461, 1462).

We also reject the Town's contention that the court erred in denying that part of its motion seeking summary judgment dismissing the claim that the Town negligently maintained its storm water system because the Town lacked prior written or constructive notice of problems with its storm water system. As the movant, the Town had the burden of establishing that it lacked constructive notice of the allegedly dangerous condition (*see id.* at 1461-1462), and it failed to meet that burden here. The deposition testimony of the Town's maintenance workers submitted in support of the Town's motion does not address the frequency of the inspection of the subject pipes or the method of inspection. Moreover, those workers did not deny that the pipes were clogged before the flood, that the ditches were unnecessarily deep, or that the pipes were not properly aligned with those ditches. Indeed, the maintenance records offered in support of the motion do not establish when the pipes were last inspected. We thus conclude that the Town "failed to make a prima facie showing that [it] lacked constructive notice of the allegedly dangerous condition described by the plaintiff" (*Griffith v JK Chopra Holding, LLC*, 111 AD3d 666, 666; *see Adam v Town of Oneonta*, 217 AD2d 894, 895).

Entered:  May 9, 2014                    Frances E. Cafarell
                                         Clerk of the Court