# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

576

CA 14-01993

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.

---

LYUBOV KLEPANCHUK, NADIA FEFILOV, HOA NGO,
KASEY GHARET, WILLIAM HILL, JR., AND THE ESTATE
OF LE NGO, DECEASED, PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

COUNTY OF MONROE AND MONROE COUNTY AIRPORT
AUTHORITY, DEFENDANTS-APPELLANTS.

---

BOND SCHOENECK & KING, PLLC, SYRACUSE (STEPHANIE M. CAMPBELL OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

CELLINO & BARNES, P.C., ROCHESTER (K. JOHN WRIGHT OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS LYUBOV KLEPANCHUK, NADIA FEFILOV, HOA NGO,
KASEY GHARET AND THE ESTATE OF LE NGO.

NICHOLAS, PEROT, SMITH, BERNHARDT & ZOSH, AKRON (ERIC FRIEDHABER OF
COUNSEL), FOR PLAINTIFF-RESPONDENT WILLIAM HILL, JR.

---

Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered January 10, 2014. The order, insofar as appealed from, denied the motion of defendants for summary judgment dismissing the complaint.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint is dismissed.

Memorandum: On February 10, 2008, there was a multivehicle accident that occurred during "white-out" conditions on Interstate 390 (I-390) near the Greater Rochester International Airport (Airport). The decedent of plaintiff Estate of Le Ngo was killed in the accident, and the remaining plaintiffs sustained serious injuries. Plaintiffs brought suit against defendant County of Monroe, a municipal corporation, and defendant Monroe County Airport Authority, a public benefit corporation, which was created by the Monroe County Airport Authority Act (Public Authorities Law § 2750 *et seq.*). Plaintiffs alleged that defendants were negligent and that such negligence was the proximate cause of the accident and their injuries because of certain alterations and modifications made to the Airport property, including, inter alia, the addition of two tunnels and the construction of a retaining wall adjacent to the southbound lanes of I-390, which caused snow to blow across I-390 and create "white-out" conditions. Defendants moved for, inter alia, summary judgment

dismissing the complaint, and plaintiffs cross-moved for partial summary judgment on the issue of liability.

At the outset, we note that plaintiffs' contention regarding defendants' failure to assert governmental immunity as an affirmative defense in their answer was raised by plaintiffs for the first time on appeal and, therefore, that contention is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

We agree with defendants that Supreme Court erred in denying that part of their motion seeking dismissal of the complaint on the ground that they are immune from liability pursuant to the doctrine of governmental immunity. With respect to that doctrine, "[i]f the [municipal defendant] acted in a proprietary role, i.e., when its activities essentially substitute for or supplement traditionally private enterprises . . . , ordinary rules of negligence apply. If, however, the [defendant] acted in a governmental capacity, i.e., when its acts are undertaken for the protection and safety of the public pursuant to general police powers . . . , the court must undertake a separate inquiry to determine whether the [defendant] owes a special duty to the injured party. In the event that the plaintiff fails to prove such a duty, the [defendant] is insulated from liability" (*Gilberti v Town of Spafford*, 117 AD3d 1547, 1548-1549 [internal quotation marks and citations omitted]; *see generally Matter of World Trade Ctr. Bombing Litg.*, 17 NY3d 428, 446-448). A municipal defendant can therefore establish entitlement to judgment as a matter of law by showing that its allegedly negligent acts were undertaken in a governmental rather than a proprietary capacity, and that it did not owe the plaintiff a special duty.

We conclude that defendants established on their motion that the construction of the tunnels and retaining wall was undertaken in a governmental capacity (*see Gilberti*, 117 AD3d at 1548-1549; *see generally* Public Authorities Law § 2751 [5] [ii]; [6]), inasmuch as the construction was the result of defendants' discretionary decision-making after defendants consulted with experts to determine how to make improvements to the Airport property in compliance with, inter alia, safety regulations of the Federal Aviation Administration (*see Valdez v City of New York*, 18 NY3d 69, 79-80; *World Trade Ctr.*, 17 NY3d at 447-448). We further conclude that plaintiffs failed to raise a triable issue of fact whether defendants owed a special duty to plaintiffs or were acting in a proprietary capacity (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

In light of our determination, we see no need to address defendants' remaining contention.


Entered:  June 19, 2015                          Frances E. Cafarell
                                                 Clerk of the Court