Appeal from an order of the Supreme Court, Monroe County (John J. Ark, J.), entered August 15, 2016. The order, inter alia, denied the motion of defendant City of Rochester for summary judgment dismissing the amended complaint against it.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: Plaintiff commenced this negligence action seeking damages for injuries she allegedly sustained as a result of exposure to lead paint while residing at a residence that she alleged was owned by defendants City of Rochester (City) and Davis Passmore during the relevant time frame, i.e., June 1994 through March 1995. Supreme Court properly denied the City’s motion for summary judgment dismissing the amended complaint against it. Contrary to the City’s contention, it failed to establish as a matter of law that it is shielded from liability on the ground of governmental immunity.
 

 “When a negligence claim is asserted against a municipality, the first issue for a court to decide is whether the municipal entity was engaged in a proprietary function or acted in a governmental capacity at the time the claim arose. A government entity performs a purely proprietary role when its activities essentially substitute for or supplement traditionally private enterprises” (Turturro v City of New York, 28 NY3d 469, 477 [2016] [internal quotation marks and citation omitted]; see Gilberti v Town of Spafford, 117 AD3d 1547, 1548-1549 [4th Dept 2014]). Where a municipality acts in a proprietary capacity, it “is subject to suit under the ordinary rules of negligence applicable to nongovernmental parties” (Applewhite v Accuhealth, Inc., 21 NY3d 420, 425 [2013]).
 

 Here, the City failed to meet its initial burden of establishing as a matter of law “that its allegedly negligent acts were undertaken in a governmental rather than a proprietary capacity” (Klepanchuk v County of Monroe, 129 AD3d 1609, 1611 [4th Dept 2015], lv denied 26 NY3d 915 [2015]). “Ownership and care relating to buildings with tenants has traditionally been carried on through private enterprise, specifically by landlords [,] and thus constitutes a proprietary function when performed by the [municipality]” (Miller v State of New York, 62 NY2d 506, 513 [1984]; see Doe v City of New York, 67 AD3d 854, 856 [2d Dept 2009]). The City submitted evidence that the property was transferred to Passmore by revocable deed on September 12, 1994, which was after plaintiff began residing at the property. Although the City argued that Passmore took control of the property prior to that through a purchase agreement with the City, the City could not produce that agreement, show the date on which it was executed, or provide evidence concerning the terms of that agreement.
 

 Present—Centra, J.P., Peradotto, DeJoseph, NeMoyer and Curran, JJ.