2305 Genesee St., LLC v City of Utica (2018 NY Slip Op 00745)





2305 Genesee St., LLC v City of Utica


2018 NY Slip Op 00745


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


1427 CA 17-00994

[*1]2305 GENESEE STREET, LLC, PLAINTIFF-APPELLANT,
v
CITY OF UTICA, DEFENDANT-RESPONDENT. 






MARK A. WOLBER, UTICA, FOR PLAINTIFF-APPELLANT.
WILLIAM M. BORRILL, CORPORATION COUNSEL, UTICA (KATHRYN F. HARTNETT OF COUNSEL), FOR DEFENDANT-RESPONDENT.


 Appeal from an order of the Supreme Court, Oneida County (Samuel D. Hester, J.), entered August 26, 2016. The order granted defendant's motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.
Memorandum: Plaintiff commenced this action alleging that its real and personal property were damaged in April 2011 when the drainage system located adjacent to its real property in defendant, City of Utica, overflowed and flooded plaintiff's premises. In its sole cause of action, plaintiff alleged, inter alia, that defendant was negligent in maintaining the drainage system. Defendant moved for summary judgment dismissing the complaint on the grounds that, inter alia, it was not negligent in maintaining the drainage system and the injuries to plaintiff's property were caused by an "act of God" for which defendant cannot be held liable. We agree with plaintiff that Supreme Court erred in granting the motion.
Defendant failed to meet its initial burden of establishing its entitlement to judgment as a matter of law inasmuch as its own moving papers raise an issue of fact whether it negligently maintained the drainage system (see Zeltmann v Town of Islip, 265 AD2d 407, 408 [2d Dept 1999]; see generally Gilberti v Town of Spafford, 117 AD3d 1547, 1548-1549 [4th Dept 2014]). Defendant submitted the affidavits of its commissioner of public works and its senior engineer, who averred that there is a "trash rack" located in the rear of plaintiff's property that is used to filter debris from the water entering the underground drainage system from a nearby ravine. If too much debris builds up in the trash rack, it will block the flow of water into the drainage system and flood plaintiff's premises. According to the deposition testimony of a member of plaintiff limited liability company, which testimony defendant also submitted, such flooding occurred previously in 2006 and caused severe property damage. The senior engineer averred that, to prevent flooding on plaintiff's property, defendant's employees periodically inspect and maintain the ravine. Plaintiff's member, however, testified that defendant's employees rarely came to the property to clear debris from the trash rack. Although the commissioner submitted business records in an attempt to establish that the maintenance was performed, those records are inadmissible inasmuch as the commissioner failed to establish when the business records were made (see CPLR 4518 [a]; Palisades Collection, LLC v Kedik, 67 AD3d 1329, 1331 [4th Dept 2009]). In any event, the records do not establish that the required maintenance was performed.
Finally, we agree with plaintiff that defendant failed to establish that "the storms and . . . flooding were the sole and immediate cause[s] of the injur[ies] and that [defendant was] free from any contributory negligence' " (Lopez v Adams, 69 AD3d 1162, 1165 [3d Dept 2010]; see Sawicki v GameStop Corp., 106 AD3d 979, 980 [2d Dept 2013]; see generally Michaels v New York Cent. R.R. Co., 30 NY 564, 571 [1864]).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court