Spence v Kitchens (2022 NY Slip Op 06355)

Spence v Kitchens

2022 NY Slip Op 06355

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

731 CA 21-01599

[*1]KENNETH SPENCE, PLAINTIFF-APPELLANT,
v
CHRISTOPHER KITCHENS AND EDEN EMERGENCY SQUAD, INC., DEFENDANTS-RESPONDENTS. 

CAMPBELL & ASSOCIATES, HAMBURG (JOHN T. RYAN OF COUNSEL), FOR PLAINTIFF-APPELLANT.
PENINO & MOYNIHAN, LLP, WHITE PLAINS (MELISSA L. VINCTON OF COUNSEL), FOR DEFENDANT-RESPONDENT CHRISTOPHER KITCHENS.
LIPPMAN O'CONNOR, BUFFALO (KEVIN M. O'NEILL OF COUNSEL), FOR DEFENDANT-RESPONDENT EDEN EMERGENCY SQUAD, INC. 

 Appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered October 22, 2021. The order, among other things, determined that defendant Christopher Kitchens was operating an authorized emergency vehicle at the time of the subject accident and denied the cross motion of plaintiff for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the first ordering paragraph and striking the language after the word "denied" in the second through fourth ordering paragraphs and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for injuries that he allegedly sustained when his vehicle and a vehicle driven by Christopher Kitchens (defendant) collided. At the time of the accident, defendant was a volunteer member of defendant Eden Emergency Squad, Inc. (Eden Emergency), a volunteer ambulance service, and was responding to a call. Defendant was driving his personally-owned pickup truck behind plaintiff's vehicle in the southbound lane of a two-lane highway and attempted to pass plaintiff's vehicle on the left. When their vehicles collided, plaintiff was attempting to make a left turn from the southbound lane across the northbound lane into a driveway. Plaintiff alleged that the accident occurred because of defendant's negligence and that Eden Emergency was vicariously liable. After discovery, defendant moved and Eden Emergency cross-moved for, inter alia, summary judgment dismissing the complaint against them contending, among other things, that defendant's conduct was measured by the "reckless disregard" standard of care under Vehicle and Traffic Law § 1104 (e) and that his operation of his vehicle was not reckless as a matter of law. Plaintiff cross-moved for partial summary judgment on the issue of negligence, contending that negligence rather than reckless disregard is the applicable standard of care and that defendant was negligent as a matter of law. Supreme Court denied the motion and cross motions, concluding that although defendant was operating an authorized emergency vehicle at the time of the accident and that the reckless disregard standard of care applied, there are triable issues of fact precluding judgment to either plaintiff or defendants. Plaintiff appeals, and we modify.
As an initial matter, plaintiff's contention that defendants are not entitled to assert the affirmative defense of emergency operation under Vehicle and Traffic Law § 1104 because it was not pleaded in the answers is raised for the first time on appeal and, therefore, that contention is not properly before us (see generally Klepanchuk v County of Monroe, 129 AD3d 1609, 1610 [4th Dept 2015], lv denied 26 NY3d 915 [2015]).
We agree with plaintiff, however, that he met his initial burden on his cross motion of establishing that defendant was not operating an "authorized emergency vehicle" at the time of the accident and thus that the reckless disregard standard of care does not apply. " '[T]he reckless disregard standard of care in Vehicle and Traffic Law § 1104 (e) . . . applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104 (b)' " (Torres-Cummings v Niagara Falls Police Dept., 193 AD3d 1372, 1374 [4th Dept 2021], quoting Kabir v County of Monroe, 16 NY3d 217, 220 [2011]). An "authorized emergency vehicle" includes "emergency ambulance service vehicle[s]" (§ 101), which are defined as "an appropriately equipped motor vehicle owned or operated by an ambulance service . . . and used for the purpose of transporting emergency medical personnel and equipment to sick or injured persons" (§ 115-c). "Ambulance service means an individual, partnership, association, corporation, [or] municipality . . . engaged in providing emergency medical care and the transportation of sick or injured persons by motor vehicle . . . to, from, or between general hospitals or other health care facilities" (Public Health Law § 3001 [2]).
Here, plaintiff submitted evidence that, at the time of the accident, defendant was driving his personally-owned vehicle, which was not affiliated with Eden Emergency (cf. People v Levy, 188 Misc 2d 103, 104-105 [App Term, 2d Dept 2001]). The vehicle also did not comply with Vehicle and Traffic Law § 1104 (c), which requires authorized emergency vehicles to be equipped with "at least one red light." Moreover, at the time of the accident, defendant's vehicle was not being "operated by" Eden Emergency because, while defendant was a volunteer with Eden Emergency, he was not on call at the time of the incident (§ 115-c). Further, defendant did not qualify as an ambulance service. Defendant was not an "individual . . . engaged in providing emergency medical care and the transportation of sick or injured persons" (Public Health Law § 3001 [2]). We also note that defendant was not an emergency medical technician (see generally
§ 3001 [6]). In opposition, defendants failed to raise an issue of fact whether defendant's vehicle was an authorized emergency vehicle. As a result, the court erred in determining that defendant was operating an authorized emergency vehicle and that his conduct is governed by the reckless disregard standard of care in section 1104 (e), rather than the ordinary negligence standard of care (see generally McLoughlin v City of Syracuse, 206 AD3d 1600, 1600-1601 [4th Dept 2022]; LoGrasso v City of Tonawanda, 87 AD3d 1390, 1391 [4th Dept 2011]). We therefore modify the order accordingly.
Nevertheless, we reject plaintiff's contention that the court erred in denying his cross motion for summary judgment on the issue of defendant's negligence. "[I]t is well settled that drivers have a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident" (Deering v Deering, 134 AD3d 1497, 1499 [4th Dept 2015] [internal quotation marks omitted]). Further, no vehicle shall pass another vehicle on the left "unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the operation of any vehicle approaching from the opposite direction or any vehicle overtaken" (Vehicle and Traffic Law § 1124 [emphasis added]).
Here, plaintiff and a police officer who witnessed the accident testified at their depositions that plaintiff stopped his vehicle in the center of the southbound lane with his left turn signal activated to make a left-hand turn, while waiting for oncoming traffic to clear. Plaintiff testified that other southbound vehicles were proceeding past plaintiff on the right shoulder. Plaintiff also submitted the deposition testimony of a police officer who did not see the collision, but testified that he saw the involved vehicles immediately before the accident, including seeing plaintiff's vehicle "poised" to turn left and the "aftermath" of the collision. That officer testified that, in his judgment, defendant's action of passing plaintiff's vehicle on the left in the northbound lane was improper. Additionally, plaintiff submitted defendant's deposition testimony, in which defendant provided a different account of the event. Defendant testified that, at the time of the accident, plaintiff's turn signal had not been activated and that plaintiff had not stopped his vehicle in the southbound lane. According to defendant, plaintiff's vehicle had moved completely out of the southbound lane and onto the shoulder, like the other southbound vehicles that had pulled over to allow defendant to pass. When defendant proceeded to pass them on the left while his vehicle was straddling the center line of the road, he saw plaintiff's vehicle turn left from the right shoulder of the southbound lane, at which point defendant tried to move further left into the northbound lane before plaintiff's car collided with [*2]defendant's vehicle. Thus, although plaintiff proffered compelling evidence that defendant acted negligently in the manner he operated his vehicle, plaintiff's own submissions raised triable issues of fact whether defendant was negligent, and the burden never shifted to defendants (see Carnevale v Bommer, 175 AD3d 881, 882 [4th Dept 2019];
see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court