Lobianco v City of Niagara Falls (2023 NY Slip Op 00787)

Lobianco v City of Niagara Falls

2023 NY Slip Op 00787

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, BANNISTER, MONTOUR, AND OGDEN, JJ.

1032 CA 21-01715

[*1]WILLIAM LOBIANCO, PLAINTIFF-APPELLANT,
v
CITY OF NIAGARA FALLS, ET AL., DEFENDANTS, NIAGARA FALLS WATER BOARD AND NIAGARA FALLS PUBLIC WATER AUTHORITY, DEFENDANTS-RESPONDENTS. 

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-APPELLANT.
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (KEVIN J. FEDERATION OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered November 9, 2021. The order granted the motion of defendants Niagara Falls Water Board and Niagara Falls Public Water Authority for summary judgment and dismissed the complaint and all cross claims against said defendants. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint insofar as it alleges that defendants Niagara Falls Water Board and Niagara Falls Public Water Authority had constructive notice of the allegedly dangerous condition and reinstating any cross claims against those defendants and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this negligence action seeking damages for injuries he allegedly sustained when he stepped off a curb onto a street and fell into an uncovered storm drain—the grate for which was located at the bottom of the four-foot-deep drain—owned and maintained by Niagara Falls Water Board and Niagara Falls Public Water Authority (defendants). Defendants moved for summary judgment dismissing the complaint and all cross claims against them on the grounds that they neither created the alleged defect nor received actual or constructive notice thereof. Supreme Court granted the motion, and plaintiff now appeals.
We note at the outset that, in opposition to defendants' motion, plaintiff abandoned his claims that defendants created or had actual notice of the alleged defect (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). We thus conclude that the court properly granted the motion insofar as defendants sought summary judgment dismissing those claims.
We nonetheless agree with plaintiff that the court erred in granting the motion with respect to the claim that defendants had constructive notice of the alleged defect and with respect to any cross claims against them, and we therefore modify the order accordingly. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [a] defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; see Arghittu-Atmekjian v TJX Cos., Inc., 193 AD3d 1395, 1395-1396 [4th Dept 2021]). Here, viewing the evidence in the light most favorable to plaintiff as the nonmoving party and drawing every available inference in his favor (see De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016]), we conclude that defendants "failed to meet their burden of establishing that the allegedly dangerous condition was not visible and apparent for a sufficient length of time prior to the accident to permit them, in the exercise of reasonable care, to discover and remedy it" (Mikolajczyk v Morgan Contrs., 273 AD2d 864, 865 [4th Dept 2000]; see Farrauto v Bon-Ton Dept. Stores, Inc., 143 AD3d 1292, 1293 [4th Dept 2016]).
In particular, plaintiff's testimony that he did not notice the uncovered storm drain before he stepped off the curb onto the street "does not establish defendants' entitlement to judgment as a matter of law on the issue whether that condition was visible and apparent" (Navetta v Onondaga Galleries LLC, 106 AD3d 1468, 1469-1470 [4th Dept 2013]; see Farrauto, 143 AD3d at 1293). Indeed, plaintiff testified that he was looking for any oncoming traffic on the street before falling into the uncovered storm drain, which he observed immediately after he fell (see Navetta, 106 AD3d at 1470; Gwitt v Denny's, Inc., 92 AD3d 1231, 1232 [4th Dept 2012]). We further conclude that the photographs included in defendants' moving papers, which were taken within days of the accident and, according to plaintiff's testimony, constitute fair and accurate representations of the uncovered storm drain at the time of the accident (see Batton v Elghanayan, 43 NY2d 898, 899 [1978]), raise a triable issue of fact whether the allegedly dangerous condition was visible and apparent (see Bovee v Posniewski Enters., Inc., 206 AD3d 1112, 1114-1115 [3d Dept 2022]; Williams v Forward Realty Corp., 198 AD3d 503, 503-504 [1st Dept 2021]).
Moreover, while defendants submitted evidence that its employees generally maintained storm drains, including by cleaning them out and reporting missing grates, their submissions failed to establish when the storm drain into which plaintiff fell was last cleaned out or inspected (see Farrauto, 143 AD3d at 1293); that reasonable care did not require any such inspection (see id.; cf. Pommerenck v Nason, 79 AD3d 1716, 1717-1718 [4th Dept 2010]; see generally Catalano v Tanner, 23 NY3d 976, 977 [2014]); or that the uncovered storm drain would not have been visible upon a reasonable inspection (see O'Bryan v Tonawanda Hous. Auth., 140 AD3d 1702, 1703 [4th Dept 2016]; cf. Quinn v Holiday Health & Fitness Ctrs. of N.Y., Inc., 15 AD3d 857, 857-858 [4th Dept 2005]).
Finally, we conclude that the court's consideration of an alternative ground for granting summary judgment to defendants, i.e., that they lacked prior written notice of the alleged defect under a prior notification law, was improper because defendants did not seek summary judgment on that ground (see McDonald v Whitney Highland Homeowners' Assn., Inc., 158 AD3d 1229, 1231 [4th Dept 2018]; Gilberti v Town of Spafford, 117 AD3d 1547, 1550 [4th Dept 2014]).
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court