Mancuso v Town of Alden (2024 NY Slip Op 00521)

Mancuso v Town of Alden

2024 NY Slip Op 00521

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, MONTOUR, AND GREENWOOD, JJ.

742 CA 22-01375

[*1]ANTHONY MANCUSO, PLAINTIFF-RESPONDENT,
v
TOWN OF ALDEN, DEFENDANT-APPELLANT. 

WEBSTER SZANYI LLP, BUFFALO (MEGHAN M. HAYES OF COUNSEL), FOR DEFENDANT-APPELLANT. 
FRIEDMAN & RANZENHOFER, P.C., AKRON (MICHAEL H. RANZENHOFER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (John B. Licata, J.), entered August 16, 2022. The order denied the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting defendant's motion in part and dismissing the second cause of action, and as modified the order is affirmed without costs.
Memorandum: Plaintiff homeowner commenced this action seeking to recover damages caused by flooding on his property during a July 2017 rainstorm. Plaintiff's home is located on the west side of Sullivan Road in defendant, Town of Alden. Sullivan Road runs north to south and contains a drainage system consisting of ditches and culverts. Defendant is responsible for maintenance of six of the culverts that flow beneath Sullivan Road, two of which are south of, and close to, plaintiff's property. In 2012, defendant replaced the steel culvert nearest plaintiff's property with a high-density polyethylene (HDPE) culvert. During the July 2017 rainstorm, one of the ends of the HDPE culvert began to float and was pushed up into the air, cutting off the flow of water through that culvert. As a result, surface water instead flowed toward plaintiff's property and into a concrete culvert, which was overwhelmed with water. Water ultimately entered plaintiff's property, causing damage.
In his complaint, plaintiff asserted a cause of action for negligence, based on defendant's allegedly negligent installation and maintenance of the HDPE culvert, and a cause of action for trespass. Defendant appeals from an order denying its motion for summary judgment dismissing the complaint.
Initially, defendant contends that Supreme Court erred in denying its motion with respect to the negligence cause of action because it was entitled to governmental immunity. Although defendant asserts that, as a municipality, it generally may not be held liable for the design of the culvert (see Gilberti v Town of Spafford, 117 AD3d 1547, 1548-1549 [4th Dept 2014]), plaintiff's complaint clearly alleges that defendant was negligent in the installation and maintenance of the HDPE culvert; actions for which defendant may not claim immunity (see id. at 1548-1550; see generally Lobianco v City of Niagara Falls, 213 AD3d 1341, 1342-1343 [4th Dept 2023]).
Defendant further contends that plaintiff failed to raise a triable issue of fact regarding its allegedly negligent installation or maintenance of the HDPE culvert. We reject that contention. Defendant's own submissions raised an issue of fact whether defendant failed to maintain the HDPE culvert in proper working order inasmuch as it submitted evidence that part of the surface cover keeping the HDPE culvert in place had eroded at least three months prior to the July 2017 rainstorm. In other words, defendant's submissions raised an issue of fact whether its failure to [*2]replace the eroded surface cover allowed the HDPE culvert to float, thereby impeding proper water flow. Inasmuch as defendant failed to meet its initial burden on that issue, the burden never shifted to plaintiff, and denial of the motion to that extent "was required 'regardless of the sufficiency of the opposing papers' " (Scruton v Acro-Fab Ltd., 144 AD3d 1502, 1503 [4th Dept 2016], quoting Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Even, assuming, arguendo, that defendant met its initial burden of demonstrating the proper installation and maintenance of the HDPE culvert, we conclude that plaintiff raised triable issues of fact in opposition (see Tappan Wire & Cable, Inc. v County of Rockland, 7 AD3d 781, 783 [2d Dept 2004], lv dismissed 3 NY3d 738 [2004]). With respect to the installation, plaintiff's expert opined that defendant failed to account for the different installation requirements of the HDPE culvert from a steel culvert, which the HDPE culvert was replacing. Plaintiff's expert also opined that the improper installation of the HDPE culvert resulted in the culvert floating, thereby preventing the flow of water.
Contrary to defendant's contention, the court properly determined that issues of fact also exist whether the failure of the HDPE culvert proximately caused the damage to plaintiff's property. Plaintiff's "expert [affidavit] squarely opposes the affidavit of [defendant's] expert [with respect to proximate cause], result[ing in] a classic battle of the experts that is properly left to a jury for resolution" (Peevey v Unity Health Sys., 196 AD3d 1139, 1140 [4th Dept 2021]).
Defendant further contends that it lacked prior written notice of the allegedly defective HDPE culvert as required by Town Law § 65-a (1) and Code of Town of Alden § 304-1. Viewing the evidence in the light most favorable to plaintiff as the nonmoving party and drawing every available inference in his favor (see De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016]), we conclude that plaintiff raised an issue of fact whether the condition of the HDPE culvert, i.e., the lack of sufficient surface cover over it, "existed for so long a period that the same should have been discovered and remedied in the exercise of reasonable care and diligence" (Town Law § 65-a [1]; see Code of Town of Alden § 304-1; see also Lobianco, 213 AD3d at 1342; Gilberti, 117 AD3d at 1551).
Additionally, defendant contends that it cannot be held liable for the negligent installation or maintenance of the HDPE culvert because the failure of the culvert was the unanticipated result of an unusually severe storm. We reject that contention. Defendant failed to meet its initial burden on that issue thereby requiring the denial of the motion to that extent "regardless of the sufficiency of the opposing papers" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; see generally Mal-Bon, LLC v Smith, 163 AD3d 1415, 1416 [4th Dept 2018]).
However, we agree with defendant that the court erred in denying its motion with respect to the second cause of action, for trespass, and we therefore modify the order accordingly. "Trespass is an intentional harm" and, in order for the trespasser to be liable, they "must intend the act which amounts to or produces the unlawful invasion, and the intrusion must at least be the immediate or inevitable consequence of what [they] willfully do[ ], or which [they] do[ ] so negligently as to amount to willfulness" (Buckeye Pipeline Co. v Congel-Hazard, Inc. [appeal No. 1], 41 AD2d 590, 590 [4th Dept 1973] [internal quotation marks omitted]). Here, defendant met its initial burden of establishing its "lack of intent to intrude upon plaintiff['s] property, and plaintiff[ ] failed to raise a triable issue of fact" in opposition (Vanderstow v Acker, 55 AD3d 1374, 1376 [4th Dept 2008]).
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court